# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ANN PALMER ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 6:24-CV-0003 |
| ) | |
| OPCO TEXAS SKILLED ) | |
| MGMT LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT
### (Demand for Jury Trial)

Plaintiff Ann Palmer complains of and seek damages from Opco Texas Skilled Mgmt LLC under the Family and Medical Leave Act of 1993. For the causes of action, Plaintiff states as follows:

## PARTIES

1. Plaintiff Ann Palmer ("Ms. Palmer" or "Plaintiff") is a Texas Citizen who resides in Copperas Cove (Coryell County), Texas.

2. Defendant Opco Texas Skilled Mgmt LLC ("OPCO" or "Defendant") is a domestic limited liability company organized under the laws of the State of Texas with its principal place of business located in Los Angeles, California. OPCO may be served with process by serving its registered agent in Texas: VCorp Services LLC, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3. This action involves application of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") . Accordingly, this Court has jurisdiction under 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

4. The claims asserted in this action arose within this district and the alleged retaliation and damages occurred in this district. Venue of this action is therefore proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## RESPONDEAT SUPERIOR AND RATIFICATION

5. Whenever it is alleged in this complaint that Defendant's officers, agents, servants, employees, or representatives committed an act and/or omission, it is alleged to be done with the full authorization or ratification of Defendant or in the normal and routine course and scope of employment.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with.

## FACTUAL BACKGROUND

7. Defendant OPCO is a resource management group that provides support for skilled nursing centers across Texas, New Mexico, and Missouri.

8. Ms. Palmer was hired by OPCO on January 3, 2022 as Director of Case Management.

9. As Director of Case Management, Ms. Palmer was responsible for administration and direction of the Case Management Department including planning, organizing, controlling and directing all services and operations in the areas of Utilization Review and Discharge planning for facilities in Texas, New Mexico and Missouri.

10. Ms. Palmer handled oversight and management of 12 employees in the Case Management Department.

11. In March 2023, Ms. Palmer's husband became ill and was diagnosed with liver cancer. His medical condition and treatments required continuous visits to health care providers, on both in-patient and out-patient basis. Ms. Palmer continued to perform her job at OPCO for the first month following the diagnosis, through remote work at the hospital and home.

12. On or about April 21, 2023, Ms. Palmer notified her supervisor that she would need to take FMLA leave in order to care for her husband, given his deteriorating condition.

13. Ms. Palmer received the FMLA paperwork from OPCO's human resources manager (Rosalina Gaspar) on or about May 1, 2023, which also indicated that Ms. Palmer was being designated as a "key employee' under the FMLA.

14. Following a short period of treatment and hospice care, Ms. Palmer's husband passed on May 9, 2023.

15. On or about May 11, 2023, Ms. Palmer received notification from OPCO that her request for FMLA leave had been approved and that her scheduled return to work date was to be July 17, 2023.

16. Approximately a week later, Ms. Palmer spoke with her supervisor (Melissa Lopez) to provide the regular monthly update per company policy.

17. On May 30, 2023, Ms. Palmer received an email from OPCO indicating that every absence beginning the day following her husband's death would be regarded by OPCO as "unexcused" and, further, demanding that she return to work on June 11, 2023.

3

18. The following day, Ms. Palmer wrote OPCO and indicated that she had been unaware of the end of FMLA leave, as she had never taken FMLA leave or been notified by anyone at OPCO in that regard.

19. Ms. Palmer requested an extended leave of absence for bereavement. She was provided an unpaid and unprotected personal leave of absence for the period of May 31, 2023 through June 11, 2023. OPCO also stated that Ms. Palmer did not have a "qualifying event" for FMLA.

20. During her unprotected leave of absence, Ms. Palmer requested forms from OPCO in order to file for FMLA leave for herself. Ms. Palmer completed the necessary forms and returned to OPCO on June 13, 2023, along with the appropriate medical certification.

21. The second FMLA leave request was approved the following day (on June 14, 2023), granting Ms. Palmer FMLA leave retroactive to the date of her husband's death (May 9, 2023) with a return-to-work date of July 11, 2023.

22. Ms. Palmer returned to work on July 10, 2023.

23. The following day (July 11, 2023), Ms. Palmer received an email from Monique Perez (NaviHealth NM) notifying her that links for electronic surveys had been sent to the New Mexico facilities. Ms. Palmer requested a copy of the survey links; however, Ms. Perez could not provide her with those links and requested an updated roster for the NM facilities.

24. On or about July 26, 2023, Ms. Palmer received an email from Renee Riccelli (NaviHealth Manager, Network Development NM) with the requested survey links and a reminder that the NaviHealth Annual Provider Surveys for the New Mexico facilities were due on September 1, 2023. The individual facilities were primarily responsible for completing the surveys.

It was Ms. Palmer's responsibility to ensure the surveys were completed by the expected due date of September 1, 2023.

25. Sarah Heimowitz (an OPCO Executive Assistant) had been receiving the NaviHealth Annual Survey emails for the Texas facilities. Ms. Heimowitz contacted Ms. Palmer's supervisor (Melissa Lopez) on or about August 23, 2023 and asked for assistance with answering the survey questions for the Texas facilities.

26. Melissa Lopez replied to the request and copied Ms. Palmer and Doris Pack (OPCO VP of Regulatory Compliance) to assist. This was the first time that Ms. Palmer became aware of NaviHealth sending the Annual Surveys to the Texas facilities as well, as NaviHealth in Texas and New Mexico are covered by two different regional teams.

27. Sarah Heimowitz offered to work with Ms. Palmer to complete the surveys for both Texas and New Mexico.

28. Ms. Palmer worked diligently to complete the project in a timely manner (while simultaneously completing extensive regular work responsibilities).

29. Ms. Palmer completed the project in accordance with the established deadlines. She confirmed the completion of the Annual Surveys on August 31, 2023, prior to the September 1, 2023 deadline. That confirmation was provided to her supervisor (Melissa Lopez), among others.

30. The following Tuesday, on or about September 4, 2023, Ms. Palmer was requested to attend a meeting with her supervisor (Melissa Lopez) and OPCO's Vice President of Human Resources (Angie Luna).

31. At that meeting, Ms. Palmer was summarily terminated, ostensibly for obtaining the assistance of Sarah Heimowitz in order to complete the Annual Surveys and for not completing

5

them in a timely manner (despite the fact that they were submitted in advance of the September 1, 2023 deadline).

32. The stated reasons for Ms. Palmer's termination are a pretext for retaliation for Ms. Palmer having exercised her rights and requesting/taking FMLA leave to both care for her husband prior to his death and to care for herself following his death.

33. Ms. Palmer was terminated eight (8) weeks after returning to work following FMLA.

34. At no point during her employment with OPCO had Ms. Palmer ever received a single verbal or written warning.

## CAUSE OF ACTION

**Retaliation in Violation of The Family Medical Leave Act West, LLC)**

35. Plaintiff incorporates and realleges paragraphs 1 through 34 of this Complaint as if fully set forth here.

36. Defendant violated FMLA's prohibition against retaliation, 29 U.S.C. §2615(a)(2), when it discharged or in any other manner discriminated against Plaintiff because she exercised her right to FMLA-protected leave.

37. Plaintiff. exercised her rights under the FMLA by taking FMLA-protected leave.

38. Defendant retaliated against Plaintiff, terminating her employment only five business days following his inquiry as to the status of his FMLA paperwork.

39. Plaintiff's termination was not justified by any lawful reason and was in direct retaliation for exercising her FMLA-protected rights.

40. There is a direct causal link between Plaintiff's exercise of her FMLA-protected rights and Defendant's decision to terminate her employment.

41. Defendant's stated justification for its decision to terminate Plaintiff's employment is pretextual.

42. Because of Defendant's actions, Plaintiff was prejudiced by losing the benefits of her employment, and suffered damages within the jurisdictional limits of this Court

## JURY DEMAND

43. Plaintiff demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ann Palmer respectfully requests that on final trial, judgment be granted in favor of Ms. Palmer against Defendant Opco Texas Skilled Mgmt LLC as follows:

a. Declare that the acts and practices complained of here are in violation of Plaintiff's rights as secured by the FMLA;

b. Award Plaintiff front pay and benefits;

c. Award Plaintiff back pay and all other actual damages;

d. Award Plaintiff liquidated damages pursuant to 29 U.S. Code § 2617 (a)(1)(A)(iii);

e. Award Plaintiff reimbursement of lost retirement, health insurance, and other fringe benefits that she was entitled to through her employment at Defendant;

f. Award Plaintiff all reasonable and necessary attorney's fees and reasonable and necessary costs incurred by her or on her behalf in pursuit of this suit, including expert fees as the Court deems appropriate;

g. Award Plaintiff prejudgment and post-judgment interest, in the maximum amount allowed by law; and

h. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted January 2, 2023.

_____
Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W Northwest Hwy Ste 130, PMB 325
Dallas, TX 75220
Phone: (214) 833-5228
Facsimile: (469) 457-6785
Email: kevin@duddlestenlawgroup.com

ATTORNEYS FOR THE PLAINTIFF